J. M. DAVIS MEMORIAL COMMISSION — AUTHORITY TO LEASE, TRADE OR EXCHANGE ITEMS The J. M. Davis Memorial Commission has the authority to lease to others any portion of the J. M. Davis Gun Collection. The Commission has authority upon written consent by the J. M. Davis Foundation, Inc., to trade or exchange any portion of the J. M. Davis Gun Collection for items or artifacts that the Commission deems advantageous or beneficial for the museum. Any items obtained by trade or purchase from the proceeds of items belonging to the J. M. Davis Foundation, Inc. would belong to the J. M. Davis Foundation, Inc., and not the State of Oklahoma. The J. M. Davis Memorial Commission has authority to acquire on a purchase or lease basis, and display, artifacts not a part of the original collection acquired from the J. M. Davis Foundation. Title 53 O.S. 204 [53-204] and 53 O.S. 205 [53-205] (1971), establish the procedures the Commission should follow regarding any sell, trade, exchange or lease. The J. M. Davis Memorial Commission is required to insure the J. M. Davis Gun Collection against loss or damage with an insurance company pursuant to the Lease Agreement. The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: 1. Does the J. M. Davis Memorial Commission have the authority to lease to others any portion of the J. M. Davis Gun Collection ? 2. Is there sufficient authority upon written consent by the J. M. Davis Foundation, Inc., to trade or exchange any portion of the Gun Collection for items or artifacts that the Commission would deem advantageous or beneficial for the museum? 3. If artifact items were obtained by trade or purchase by the J. M. Davis Commission, would such items belong to the State of Oklahoma or the J. M. Davis Foundation, Inc.? 4. Does the J. M. Davis Memorial Commission have authority to acquire on a purchase or lease basis, and display, artifacts not a part of the original collection acquired from the J. M. Davis Foundation, Inc.? 5. What procedure should the J. M. Davis Memorial Commission follow regarding any sale, trade, exchange or lease? 6. Is the J. M. Davis Memorial Commission required to insure the collection against loss or damage with an insurance company ? The J. M. Davis Memorial Commission was created and authorized pursuant to 53 O.S. 201 [53-201], et seq. (1971). Title 53 O.S. 202 [53-202], provides for the powers and objectives of the Commission and states: "The Commission shall have full power to acquire and hold real estate or interest therein or personal property in its own name; to act in cooperation and enter into contracts and agreements with the J. M. Davis Foundation, Inc.; to furnish suitable quarters to house, display and preserve the J. M. Davis Gun Collection and other historical artifacts; to accept gifts, grants and donations from governmental sources or any individual, person, firm, corporation or foundation for the use and purpose of building, constructing, operating, maintaining, preserving or displaying the J. M. Davis Gun Collection and other historical artifacts; provided that the location of such display shall be in the vicinity of the business area of the City of Claremore, Rogers County, Oklahoma." In regard to your first four questions, it is necessary to refer to the Lease Agreement between the J. M. Davis Foundation, Inc., and the J. M. Davis Memorial Commission of the State of Oklahoma of April 25, 1967. Paragraph 5 of the Lease Agreement provides as follows: "5. Lessee agrees that it will not at anytime make sale nor assign any part of the collection herein leased without full consent and authorization of Lessor, in writing." A "sale" is defined in Black's Law Dictionary, Revised Fourth Edition (1968), as "a contract whereby property is transferred from one person to another for a consideration of value, implying the passing of the general and absolute title, as distinguished from a special interest falling short of complete ownership". To "assign" is defined in Black's Law Dictionary as "to make over or set over to another". It is apparent that a sale or assignment contemplates a complete passage of title from one to another. A lease, on the other hand is distinguishable from a sale and assignment. Title 51C of Corpus Juris Secundum, Landlord Tenant, 202(8) states: "A lease is distinguished from a sale in that a sale transfers ownership, which includes both title and right to possession, while a lease grants only the use and enjoyment of the thing leased. The intention of the parties, rather than the forum of the instrument and words employed, is controlling." It is, therefore, apparent that a lease is distinguishable from the sale or assignment and was not specifically prohibited in the Lease Agreement. In regard to your second question, "trade" is defined in Black's Law Dictionary as "the act or business of exchanging commodities by barter; or the business of buying and selling for money; traffic; barter". "Exchange" is defined in Black's Law Dictionary as "an exchange is two sales". It is, therefore, apparent that a trade or exchange of any part of the collection could be made only with express written consent of the lessor. In regard to your third question, it is apparent that if items were obtained by trade or purchase from the proceeds of items belonging to the J. M. Davis Foundation, Inc., then such items of exchange would belong to the J. M. Davis Foundation, Inc., and not the State of Oklahoma. Title 53 O.S. 202 [53-202] (1971), provides in part: "The Commission shall have full power to acquire and hold real estate or interest therein or personal property in its own name . . . ." (Emphasis added.) As to your fourth question, it is apparent that pursuant to 53 O.S. 202 [53-202] the Commission could acquire and display artifacts not a part of the original collection required from the J. M. Davis Foundation, Inc. In regard to your fifth question, your attention is directed to the procedures set out in 53 O.S. 204 [53-204] and 53 O.S. 205 [53-205] (1971). 53 O.S. 204 [53-204] states: "There is hereby created in the State Treasury of the State of Oklahoma a revolving fund to be designated as the J. M. Davis Memorial Commission Revolving Fund, which shall consist of all money received by the J. M. Davis Memorial Commission from rents of lands and buildings, from the sale of souvenirs and curios and from the sale of concessions or leasing of concessions at the J. M. Davis Memorial site, and from acceptance of gifts and devises for the benefit of such fund or for the benefit of the J. M. Davis Gun Collection from whatever source derived." 53 O.S. 205 [53-205] states: "Said revolving fund may be used for the operation of a souvenir and curio shop and for other authorized costs of operation of the J. M. Davis Memorial Commission and shall be under the control and management of the J. M. Davis Memorial Commission, and disbursements therefrom shall be made on claims approved by said Commission. The State Budget Director shall draw warrants, payable by the State Treasurer in payment of all claims against the J. M. Davis Memorial Commission Revolving Fund herein created, after such claims have been audited and approved for payment as provided by law." As to your last question, paragraph 1 of the Lease Agreement between the J. M. Davis Foundation, Inc., and the J. M. Davis Memorial Commission of the State of Oklahoma states: "1. That Lessee shall keep the Collection insured against loss or damage for its full insurable value in companies satisfactory to the Lessor, with a loss payable clause in favor of Lessor." The J. M. Davis Memorial Commission is empowered pursuant to 53 O.S. 202 [53-202] (1971), to enter into contracts and agreements with the J. M. Davis Foundation, Inc. Since the Commission entered into the lease agreement with the J. M. Davis Foundation, Inc., the Commission should therefore honor the lease and purchase the insurance against loss or damage to the J. M. Davis Gun Collection. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The J. M. Davis Memorial Commission has the authority to lease to others any portion of the J. M. Davis Gun Collection. The Commission has authority upon written consent by the J. M. Davis Foundation, Inc., to trade or exchange any portion of the J. M. Davis Gun Collection for items or artifacts that the Commission deems advantageous or beneficial for the museum. Any items obtained by trade or purchase from the proceeds of items belonging to the J. M. Davis Foundation, Inc., would belong to the J. M. Davis Foundation, Inc. and not the State of Oklahoma. The J. M. Davis Memorial Commission has authority to acquire on a purchase or lease basis, and display, artifacts not a part of the original collection acquired from the J. M. Davis Foundation. Title 53 O.S. 204 [53-204] and 53 O.S. 205 [53-205] (1971), establish the procedures the Commission should follow regarding any sell, trade, exchange or lease. The J. M. Davis Memorial Commission is required to insure the J. M. Davis Gun Collection against loss or damage with an insurance company pursuant to the Lease Agreement. (DAVID K. McCURDY) (ksg)